IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG

**LLOYD DALE BUCKHANNON,**

    **Plaintiff,**

**v.**                          **Case No. 6:07-cv-00529**

**DETECTIVE DECKER MOODY,**
**Parkersburg City Police,**
**POLICE CHIEF THOMAS DENT,**
**Parkersburg City Police as**
**Respondent [sic] Superior,**
**MAYOR JIMMY COLUMBO OR CURRENT MAYOR,**
**City of Parkersburg, as Respondent [sic]**
**Superior, in their individual and**
**official capacities,**

    **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

On August 27, 2007, Plaintiff filed a Complaint under 42 U.S.C. § 1983, alleging that the defendants violated his procedural and substantive due process rights, and state statutory law, based upon the illegal arrest and imprisonment of Plaintiff on May 30, 2001. (Docket sheet document # 2). Plaintiff's Complaint also alleges state law claims of false arrest, false imprisonment, intentional infliction of emotional distress and negligence. (Id.) Plaintiff has also filed an Application to Proceed in forma pauperis (# 1). By Standing Order, the District Court referred this civil action to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obligated to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  On review, the court must dismiss the case if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.  Furthermore, 28 U.S.C. § 1915(e)(2)(B) allows for the sua sponte dismissal of an action when a Plaintiff seeking to proceed in forma pauperis files a Complaint that fails to state a claim.  28 U.S.C. § 1915(e)(2)(B).  This screening is done prior to consideration of the Application to Proceed in forma pauperis.

A Complaint fails to state a claim upon which relief can be granted if "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002)(section 1983 complaint dismissed under 28 U.S.C. § 1915 for failure to state a claim upon which relief could be granted).  However, the court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Id.

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe

liberally such complaints. Because, for the reasons stated below, it is "beyond doubt" that Plaintiff's Complaint fails to allege facts entitling him to relief, he should not be given an opportunity to offer evidence in support of his claim. See, Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).

## JURISDICTION

Plaintiff's Complaint alleges, inter alia, that the defendants violated his procedural and substantive due process rights under the Fifth and Fourteenth Amendments when they allegedly held him in custody for almost a month without informing him of the charges against him, or presenting him before a judge to be informed of the charges. Such claims are brought under 42 U.S.C. § 1983, and the court has authority to decide such claims under its federal question jurisdiction. 28 U.S.C. § 1331.

Plaintiff's Complaint also cites the statutory authority for the court's jurisdiction based upon diversity of citizenship. However, it is clear from the face of the Complaint that there is no diversity of citizenship between the parties.[1] Plaintiff has also alleged several state law claims, which the court may review under its supplemental jurisdiction.

---

[1] Furthermore, Plaintiff's Complaint states that the amount in controversy in this matter exceeds $50,000. However, the threshold amount in controversy to invoke the court's diversity jurisdiction is $75,000.

## **ANALYSIS**

**A.    Plaintiff's Complaint is untimely.**

Plaintiff's Complaint alleges that a City of Parkersburg police officer, his supervisor, the Chief of Police, and the City of Parkersburg violated his "Procedural, Statutory, Constitutional and Civil rights arising out of the illegal arrest and imprisonment of Plaintiff by the defendants on May 30, 2001." (# 2 at 1).

Specifically, Plaintiff's Complaint alleges that Plaintiff was interviewed by the City of Parkersburg police in March of 2001 concerning an investigation of child abuse concerning his step-grandchildren. At that time, Plaintiff was not in custody and was free to leave following the interview. (# 2 at 3).

The Complaint further alleges that, on May 24, 2001, a Wood County grand jury returned a sealed indictment charging Plaintiff with ten counts of sexual abuse of his step-grandchildren (Case No. 01-F-59). Judge Jeffrey B. Reed issued a warrant for Plaintiff's arrest. (*Id.*)

According to the Complaint, on May 30, 2001, Defendant Decker Moody, a City of Parkersburg police officer, placed Plaintiff under arrest, but refused to advise Plaintiff of the charges against him or to show him the arrest warrant. (*Id.* at 3-4). Plaintiff was allegedly taken to the police station, where he was photographed and fingerprinted, but was still not informed of the charges against him. (*Id.* at 4). According to the Complaint, Plaintiff

4

was not taken before a Circuit Court judge or a magistrate, but was taken directly to the Wood County Correctional Center. (Id.)

Plaintiff further alleges that, after suffering from "chest pains" overnight, on May 31, 2001, he was transported by ambulance to the emergency room at Camden Clark Memorial Hospital, where he was admitted for observation. (Id. at 5). On June 1, 2001, Plaintiff was released from the hospital and returned to the Wood County Correctional Center. Plaintiff alleges that he remained at the Wood County Correctional Center, and was not taken before a Circuit Court judge for arraignment until June 21, 2001. (Id.)

Although the defendants have not been served with process and entered an appearance, the court may, on its own, dismiss this action as being barred by the applicable statute of limitations. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655 (4th Cir. 2006). In Johnson, the court stated:

> Although a court generally possesses no strong institutional interest in the enforcement of a statute of limitations, we have recognized that a statute of limitations defense may be properly raised sua sponte by a district court in certain narrow circumstances. Specifically, we have permitted sua sponte consideration of the statute of limitations when such a defense plainly appears on the face of either a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254, see Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), or a complaint filed in forma pauperis pursuant to 28 U.S.C. § 1915, see Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 953-54 (4th Cir. 1995)[2].

---

[2] The undersigned notes that, at the time Nasim was decided, the statutory authority that required summary dismissal of complaints filed in forma pauperis that failed to state a claim was

5

> \* \* \*
>
> In <u>Nasim</u>, we concluded that, in evaluating a complaint filed in forma pauperis pursuant to § 1915, a district court may consider a statute of limitations defense <u>sua</u> <u>sponte</u> when the face of the complaint plainly reveals the existence of such a defense. <u>See</u> 64 F.3d at 953-54. In so ruling, we observed that, in eliminating the requirement for paying costs, § 1915 removed "any economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," and thus carried the potential to overburden the judicial system with patently meritless lawsuits. <u>Id.</u> (internal quotation marks omitted).

440 F.3d at 655-56.

"The time limitations for civil rights actions, such as those under § 1983, is borrowed from state law." <u>Cox v. Stanton</u>, 529 F.2d 47 (4th Cir. 1975); <u>Blanck v. McKeen</u>, 707 F.2d 817 (4th Cir. 1983). West Virginia has a two-year statute of limitations for personal injury-type claims. W. Va. Code § 55-2-12(b)(1981); <u>see</u> <u>McCausland v. Mason County Bd. of Educ.</u>, 649 F.2d 278 (4th Cir. 1981; <u>Rodgers v. Corporation of Harpers Ferry</u>, 371 S.E.2d 358 (W. Va. 1988). However, under West Virginia Code § 55-2-12(c), claims of false arrest and false imprisonment are subject to a one-year statute of limitations. <u>See</u> <u>Wilt v. State Auto Mut. Ins. Co.</u>, 506 S.E.2d 608, 613 (W. Va. 1998). Thus, Plaintiff's claims alleging the deprivation of his liberty interest based upon a "false arrest" or "false imprisonment" must have been brought within one year of when they accrued.

---

found in 28 U.S.C. § 1915(d). It has since been moved to 28 U.S.C. § 1915(e)(2)(B).

Although the applicable state statute of limitations supplies the length of the limitations period in a § 1983 action, the time of accrual of the cause of action is a matter of federal law. Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995)(en banc). "Under federal law, a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim, 64 F.3d at 955 (citing United States v. Kubrick, 444 U.S. 111, 122-24 (1979)). In the instant case, Plaintiff knew or should have known sufficient facts about the harm done to him at the time of his arrest, or no later than the date he appeared before a Circuit Court judge for his arraignment, which was on June 21, 2001.

Thus, it is clear from the face of Plaintiff's Complaint that the action is time-barred. Plaintiff's claims arose, at the latest, in June 2001. Plaintiff did not file this civil action until August 27, 2007 - over six years after the claims arose.

The court proposes that the presiding District Court **FIND** that Plaintiff's Complaint is untimely and, thus, fails to state a claim on which relief may be granted. It is respectfully **RECOMMENDED** that the District Court **DISMISS** the Complaint (# 2) under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B), and **DENY** Plaintiff's Application to Proceed in forma pauperis (# 1).

B.   **Plaintiff's Motion for Default Judgment.**

On October 1, 2007, Plaintiff filed a Motion for Default Judgment (# 5), asserting that the defendants failed to timely respond to the Complaint.  In the motion, Plaintiff indicates that, on August 20, 2007, he mailed a copy of the Complaint (without any properly-issued summonses) to the law firm of Pullin, Fowler & Flanagan, PLLC, who he apparently assumed would be representing the defendants.  However, because Plaintiff is incarcerated and has sought to proceed without prepayment of fees, the issuance of summonses and service of process must be ordered by the court.  The undersigned has not directed the Clerk to issue summonses for the defendants and, in light of the proposed finding and recommendation that Plaintiff's Complaint be dismissed as untimely, service of process will not be ordered.

Therefore, the undersigned proposes that the presiding District Judge **FIND** that the defendants are not in default, and that Plaintiff's Motion for Default Judgment is inappropriate.  Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's Motion for Default Judgment (# 5).

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of

Civil Procedure, Plaintiff shall have ten days (filing of objections) and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of this "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Chief Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff and to attorney Duane J. Ruggier, II, at the law firm of Pullin, Fowler & Flanagan, PLLC.

Although no appearance of counsel has been entered for the defendants, and no response to the Complaint has been required, in light of Plaintiff's mailing of the Complaint and the Motion for Default Judgment to Mr. Ruggier's law firm, the undersigned's staff

has advised Mr. Ruggier of the filing of this Proposed Findings and Recommendation, just for his information.

    October 5, 2007
           Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge